UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

**CV 13 - 5732**

JEAN LOUIDOR,

Plaintiff,

**COMPLAINT**

-against-

**JURY TRIAL
DEMANDED**

NEW YORK CITY POLICE DEPARTMENT and
THE CITY OF NEW YORK,

Defendants.

**VITALIANO, J.**

Plaintiff, JEAN LOUIDOR, by his attorneys, Law Offices of Philip J. Sporn, as and for

his complaining of the defendants, hereby alleges the following:

## PREMLIMINARY STATEMENT

1.      Plaintiff JEAN LOUIDOR brings this action for compensatory damages, punitive

damages and attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. §

1988 for violation of his civil rights, as said rights are secured by said statutes and Constitutions

of the State of New York and the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. § 1983, § 1985 and § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred

upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and

constitutional provisions.

3.      Plaintiff, JEAN LOUIDOR, further invokes this Court's supplemental

jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action

which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), (c) and § 1402(b) because the claims arose in this district and Plaintiff, JEAN LOUIDOR, resides in this district.

## JURY DEMAND

5.      Plaintiff, JEAN LOUIDOR, respectfully demands a trial by jury of all jissues in this matter pursuant to Fed.R.Civ.P. 38(b).

## THE PARTIES

6.      Plaintiff, JEAN LOUIDOR ("Mr. Louidor"), is and was at all relevant times hereto a citizen of the United States and a resident of the County of Kings and State of New York.

7.      Defendant, THE CITY OF NEW YORK ("The City"), is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), is a charter agency of The City authorized to perform law enforcement functions in and for the City. The City maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.    That at all times relevant herein, The City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

10.    At all times hereinafter mentioned, the defendants' acts constituted state action.

## STATEMENT OF FACTS

11.    That on October 12, 2012, plaintiff, Mr. Louidor was and remains a resident of the County of Kings and State of New York.

12.    That on October 12, 2012, defendant, The City was and remains a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13.    That on October 12, 2012, defendant, NYPD was and remains a charter agency of The City authorized to perform law enforcement functions in and for The City.  Defendant City maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

14.    Although not necessary herein, plaintiff has complied with all the state law conditions precedent to the bringing of this action and has complied with the provisions of the statutes in such cases as made and provided.

15.    Plaintiff has presented a proper Notice of Claim to the defendants.

16.    That more than thirty (30) days have elapsed since the presentation by plaintiff of said Notice of Claim and his claims remain unadjusted.

17. That said Notice of Claim was served upon the defendants within ninety (90) days from the happening of the negligence of defendants as hereinafter described and sued upon.

18. That the within action is being commenced by service of a Summons and Verified Complaint within one (1) year and ninety (90) days from the date of the occurrence.

19. That on May 2, 2013, defendants conducted an examination of plaintiff pursuant to GML §50-h.

20. That at all times mentioned herein, each individual defendant was acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of The City and the State of New York.

21. That at all times relevant herein, The City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

22. That at all relevant times herein, The City and NYPD are responsible for their police officers, agents and/or representatives under the theory of *respondeat superior*.

23. At all times relevant hereto, The City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

24. At all times relevant hereto, The City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

25. At all times relevant hereto, while at The Police Academy and intermittently thereafter, Police Officers receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and the manner in which a lowered probable cause standard can be taken advantage of when deciding whether to effectuate an arrest.

26. At all times relevant hereto, said custom and practice, and said training and instruction regarding arrests, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein.

27. At all times relevant herein, financial incentive caused by low pay and unlimited overtime, coupled with minimized culpability for baseless arrests and a lowered probable cause standard constitutes policy that creates a custom and practice resulting in civil rights violations because police are encouraged and incentivized to falsely arrest and maliciously prosecute individuals without reason, cause or justification, thereby violating the rights of the public at large, including the plaintiff herein.

28. That at all relevant times herein, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

29. At all times hereinafter mentioned, upon information and belief, defendant's police officers were acting in their capacity as employees, agents or servants of The City.

30. At all times hereinafter mentioned, the defendants' acts constituted state action.

31. That on October 12, 2012, at all times as stated herein, Mr. Louidor was a lawful citizen abiding by all laws, statutes and ordinances of the State of New York and the United States of America.

32. That on October 12, 2012, at approximately 11:00pm, both Mr. Louidor and his thirteen (13) year old daughter were lawfully asleep in the confines of Mr. Louidor's apartment located at 792 Park Place, Apartment 1R, Brooklyn, New York 11218 ("apartment").

33. That on October 12, 2012, defendant's police officers, without notice, warning or justification, repeatedly slammed on Mr. Louidor's apartment door, frightening both him and his daughter and awakening them from their sleep.

34. That on October 12, 2012, defendant's police officers, without cause or justification, forcibly dragged Mr. Louidor out of his apartment, while he was wearing nothing but a tank top and pajamas.

35. That on October 12, 2012, defendant's police officers threw Mr. Louidor in to police vehicle outside of his apartment.

36. That on October 12, 2012, defendant's police officers searched Mr. Louidor, forcibly robbed him of his house key, and left him locked inside the police vehicle.

37. That on October 12, 2012, defendant's police officers refused Mr. Louidor warm clothes and forced him to remain extremely cold during the course of the entire ordeal until the time of his ultimate release.

38. That on October 12, 2012, Mr. Louidor's infant daughter witnessed her father forcibly taken away by police officers without cause.

39. That on October 12, 2012, defendant's police officers returned to the apartment and forced their way in using the key they had unjustly taken from Mr. Louidor, all while Mr. Louidor was trapped downstairs in the police car and while his daughter remained in the apartment.

40.    That on October 12, 2012, defendant's police officers interrogated Mr. Louidor's daughter and searched the apartment for over one (1) hour.

41.    That on October 12, 2012, defendant's police officers forced Mr. Louidor's daughter to locate Mr. Louidor's identification, which the officers then took from her.

42.    That on October 12, 2012, defendant's police officers then transported Mr. Louidor to the 77th precinct and then to Central Booking in retaliation for his request that they allow him access to their superior officer.

43.    Mr. Louidor remained unlawfully imprisoned for approximately twenty four (24) hours, after which respondents' agents, servants and/or employees released him from Central Booking.

44.    Mr. Louidor did not see a judge, was not assigned a Docket Number and did not have charges filed against him.

45.    That, resulting from the municipal defendants' training, instruction, policy and procedure, defendants, their agents were aware that they could falsely arrest Mr. Louidor and fraudulently claim probable cause as a false shield.

46.    That on October 12, 2012, defendants violated Mr. Louidor's civil rights, menaced, assaulted, battered, used excessive force, falsely arrested, unlawfully imprisoned, and were otherwise negligent, reckless, careless, malicious, brutal, and acted in an unsafe, unreasonable and malicious manner in the detention, arrest, imprisonment, and custody of Mr. Louidor under the circumstances and conditions then and there existing, causing him to sustain serious, severe and permanent personal injuries.

47.    That at all times relevant herein, the individually named defendants, state actors, were acting pursuant to a policy, custom and practice, which was formulated, designed and

implemented by The City and NYPD, and which policy, custom and practice required the individually named defendants to make a certain, predetermined number and amount of arrests each week, month and year, irrespective of the conditions or lack of criminal conduct that existed in their precinct or sector during their shifts or tours.

48.    That at all relevant times herein, these policies, customs and practices also encouraged, taught, instructed and/or required police officers to make arrests, stops, detentions and to target members of the public based on their appearance, race or ethnicity and irrespective of their conduct, lawful or otherwise, thereby violating the rights of the public, including the plaintiff herein.

49.    That at all relevant times herein, these policies, customs and practices, which were designed and formulated by The City and NYPD and implemented and effectuated by its officers, by their very nature violated the rights of the public, and violated the rights of the plaintiff herein.

50.    That at all relevant times herein, defendants, their agents, servants and/or employees knew or should have known that Mr. Louidor was innocent of any crimes.

51.    By reason of the foregoing acts of the defendants, and as a direct and proximate result of the acts of the defendants, the plaintiff suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer pain in the future.

52.    By reason of the foregoing acts of the defendants, the plaintiff was caused severe and intense emotional anguish, distress and embarrassment and will continue to suffer same in the future.

53.     By reason of the foregoing, plaintiff was compelled to and did necessarily, require medical attention and did necessarily pay and become liable therefore, and will necessarily continue to incur similar expenses in the future.

54.     By reason of the foregoing, plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and will necessarily incur similar legal fees in the future.

## FIRST CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

### FALSE ARREST

55.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 54, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

56.     Defendants had no probable cause to believe that plaintiff had committed a crime and plaintiff did not engage in any conduct that warranted his arrest.

57.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without probable cause, privilege or consent.

58.     By reason of their aforesaid conduct, defendants falsely arrested the plaintiff and thereby violated his rights under New York state law and under the Fourth and Fourteenth Amendments to the United States Constitution.

59.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent

psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

### FALSE IMPRISONMENT

60. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 59, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

61. By reason of defendants' aforesaid conduct, plaintiff was detained without his consent and defendants knew he was detained against his consent.

62. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

AGAINST INDIVIDUAL DEFENDANTS
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

63.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 62, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

64.    The defendants, acting in concert and individually and under the color of law, have deprived the plaintiff of his civil, constitutional and statutory rights and have conspired to deprive the plaintiff of such rights under 4th and 14th amendments and are liable to the plaintiff under the 5th amendment, 8th amendment, 42 U.S.C. §1983 and 42 U.S.C. §1985

65.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY OF NEW YORK
AND NEW YORK CITY POLICE DEPARTMENT
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

66.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 65, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

67.     Defendants The City and NYPD knew or should have known of its employees', agents' and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

68.     Prior to the dates of occurrence as set forth herein, The City and NYPD developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in The City of New York, which policies and/or customs caused the violation of the plaintiff's rights.

69.     At all relevant times herein, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks.  Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein.  In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

70.     Prior to and including the dates of occurrences as set forth herein, upon information and belief, The City and NYPD developed and maintained policies and/or customs contributing to the causation of the subject incidents and the plaintiff's injuries, such as racial profiling and the use and enforcement of a quota system with respect to stops, frisks, searches, police encounters, investigations and arrests.

71.     Upon information and belief, it was the policy and/or custom of The City and NYPD to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by The City and NYPD, including, but not limited to the incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

72.     It was the policy and/or custom of The City and NYPD to fail to take steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City and NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

73.     The City and NYPD put into place financial incentive-based system which encourages police misconduct, false arrest and unlawful imprisonment. This financial incentive-based system exists by virtue of low pay, liberal overtime, minimized culpability or

accountability for misconduct and a low probable cause standard. This constitutes, custom and practice that results in civil rights violations.

74. It was custom and practice of the municipal defendants to educate and train its officers in how to take advantage if the probable cause standard in justifying actual baseless and false arrests and in the matter at bar. There was no indication to a reasonable officer that a crime had been committed and, as such, the arrest was false and resulted from the aforesaid municipal practice and policy.

75. As a result of the above described policies and/or customs, police officers of NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

76. The above policies and/or customs demonstrated a deliberate indifference on the part of the policymakers of The City and NYPD to the constitutional rights of persons within The City of New York and were the cause of the violations of the plaintiff's rights alleged herein.

77. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

### UNREASONABLE AND EXCESSIVE FORCE
### VIOLATION OF CIVIL RIGHTS AFFORDED BY
### 42 U.S.C. §1983 AND §1988

78.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 77, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

79.    By their conduct, defendants under color of law deprived plaintiff of his constitutional rights to be free from excessive and unreasonable force.

80.    Plaintiff claims compensatory and punitive damages for the injuries set forth above and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

### ASSAULT AND BATTERY

81.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 80, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

82.    By reason of defendants' aforesaid acts, specifically in the course of their false arrest and imprisonment of the plaintiff, defendants committed the torts of assault and battery upon her.

83.    That at all relevant times herein, defendants, their agents, servants and/or employees were under a duty to protect plaintiff from the violation of his civil rights, menacing, assault, battery, excessive force, brutality, and/or other intentional acts, negligence, recklessness and/or want of care in his unlawful detention and/or arrest by the NYPD police officers committing said acts.

84.     That at all relevant times herein, defendants, their agents, servants and/or employees menaced, assaulted, battered, and used excessive force, maliciousness and brutality in the arrest, detention and custody of plaintiff.

85.     That at all relevant times herein, defendants, their agents, servants and/or employees caused plaintiff to reasonably apprehend that he was about to be harmfully and offensively contacted in his arrest and detention.

86.     That at all relevant times herein, defendants, their agents, servants and/or employees offensively contacted and harmed plaintiff during his arrest and detention.

87.     That at all relevant times herein, defendants, their agents, servants and/or employees acted in an unsafe and unreasonable manner in the arrest, detention and custody of plaintiff under the circumstances and conditions then and there existing.

88.     That at all relevant times herein, defendants, their agents, servants and/or employees were negligent, reckless and intentional in their failure to protect plaintiff from the violation of his civil rights, menacing, assault, battery, excessive force and brutality in his arrest and/or detention.

89.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has

been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### SEVENTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 89, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

91.    By their foregoing acts, specifically their false arrest and unlawful imprisonment of him, their assault and battery upon him, defendants intended to and did cause the foregoing harm to plaintiff.

92.    That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in fraudulently and maliciously pursuing all acts as set forth above.

93.    That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in being verbally abusive, intimidating and threatening to him.

94.    That at all times relevant herein, defendants, their agents, servants and/or employees acted heinously and beyond the standards of civilized decency.

95.    That at all times relevant herein, defendants, their agents, servants and/or employees' conduct was utterly intolerable in a civilized society.

96.    That at all times relevant herein, defendants, their agents, servants and/or employees committed these acts in public.

97.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and

permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

98.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 97, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

99.    That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to refrain from abusing their power and position and from fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

100.    That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that the malfeasance could lead to plaintiff's harm.

101.    That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to conduct themselves properly as public officials and not to abuse their power and position in the manner as set forth above.

102.    That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff by abusing their power and position as set forth above.

103.    That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to treat plaintiff with courtesy, professionalism and respect.

104.    That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that failing and/or refusing to treat plaintiff with courtesy, professionalism and respect could lead to his harm under the circumstances then and there existing.

105.    That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to treat him with courtesy, professionalism and respect.

106.    That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff in being verbally abusive, intimidating and threatening to him and his family.

107.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has

been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## NINTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

### FAILURE TO INTERVENE

108. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 107, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

109. Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

110. The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

111. As a result of the aforementioned conduct of the individual defendants, plaintiff's federal and state constitutional rights were violated and he was subjected to excessive force, causing him to suffer injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TENTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

112. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 111, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

113. Defendants abused the legal process to place plaintiff under arrest.

114. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

115. Defendants acted with intent to do harm to plaintiff without excuse or justification.

116. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## ELEVENTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE
TO PROTECT WHILE IN CUSTODY
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983 AND §1988

117.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 116, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

118.    By their conduct and under color of law, defendants deprived plaintiff of his constitutional rights to immediate medical treatment and failed to protect him once he became a prisoner, thus perpetuating and exacerbating his physical and mental pain and suffering.

119.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TWELFTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

### NEGLIGENT HIRING AND RETENTION

120.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 119, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

121.   Upon information and belief, defendants failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

122.   Defendants knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Verified Complaint.

123.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRTEENTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

### NEGLIGENT TRAINING AND SUPERVISION

124. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 123, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

125. Upon information and belief, defendants failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

126. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FOURTEENTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

### MALICIOUS PROSECUTION

127. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 126, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

128. As a result of the foregoing malicious prosecution, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FIFTEENTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

NEGLIGENCE

129. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 128, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

130. That defendants were negligent in the false arrests, unlawful imprisonments and malicious prosecution of plaintiff; in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances without any negligence on the part of plaintiff contributing thereto; and defendants were negligent in hiring and retaining persons who were unfit to serve as police officers and who they knew or should have known had dangerous propensities and lack of proper temperament; in that defendants failed to exercise reasonable precautions in employing the aforesaid police officers and failing to properly investigate their background and that these police officers were otherwise unfit to serve as police officers for defendants; and defendants were negligent in its instructions of its police officers by not exercising care in instructing them as to their deportment, behavior

and conduct as police officers and representatives of defendants and in training and instructions, among other things of the proper conduct of police officers in making an arrest and what they should do following an arrest of an individual.

131. That defendants are liable for the conduct of their agents, servants and/or employees by virtue of *respondeat superior.*

132. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, deprivation of his state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### SIXTEENTH CAUSE OF ACTION ON BEHALF OF JEAN LOUIDOR

PUNITIVE DAMAGES

133. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 132, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

134. Due to the above, plaintiff should be awarded punitive damages as and against the defendants in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

WHEREFORE, plaintiff, JEAN LOUIDOR demands judgment against the defendants stated herein under the first through sixteenth causes of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
      October 9, 2013

LAW OFFICES OF PHILIP J. SPORN

By: _____

PHILIP J. SPORN, ESQ.
Attorneys for Plaintiff
52 Lincoln Road
Brooklyn, New York 11225
Telephone: (718) 282-4166

**VERIFICATION**

STATE OF NEW YORK}

COUNTY OF KINGS}

ss:

JEAN LOUIDOR, being duly sworn deposes and states as follows:

I have read the foregoing        *Complaint*        and know the contents

thereof.  The same is true to my knowledge, except as to those matters therein, which are alleged

upon information and belief.  The grounds of my belief as to all matters not stated upon my own

knowledge are as follows: records, reports, and correspondence.  I affirm that the foregoing

statements are true, under the penalties of perjury.

In Witness Whereof, has hereunto set her hand and seal on this *9*

day of *October* , 2012.

JEAN LOUIDOR

STATE OF NEW YORK) COUNTY OF KINGS) ss.:

On   *10 / 9* , 2012, before me personally came JEAN LOUIDOR, to me

known, and known to me to be the individual described in, and who executed the foregoing

*Complaint*, and duly acknowledged to me that he executed the same.

PHILIP J. SPORN
Notary Public, State of New York
No. 02SP5040336
Qualified in New York County
Term Expires September 13, 2015

PHILIP J. SPORN